Matter of Thwaites (2025 NY Slip Op 04726)

Matter of Thwaites

2025 NY Slip Op 04726

Decided on August 20, 2025

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.

2022-10116

[*1]In the Matter of Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Benjamin Thwaites, respondent. (Attorney Registration No. 4505772)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 14, 2007, under the name Benjamin Emmanuel Thwaites. By decision and order dated April 25, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his convictions on May 2, 2017, of aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), an unclassified misdemeanor, and on July 13, 2017, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor.

Courtny Osterling, White Plains, NY (Antonia Cipollone of counsel), for petitioner.

PER CURIAM

OPINION & ORDER
. By affirmation dated December 15, 2022, on notice to the respondent, the Grievance Committee for the Ninth Judicial District advised this Court that on December 19, 2014, the respondent was arrested in Bronx County and charged with three unclassified misdemeanors: (1) aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(a); (2) driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2); and (3) driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3). On May 2, 2017, the respondent entered a plea of guilty before Bronx County Criminal Court to aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), in satisfaction of all charges. On or about October 6, 2017, the respondent was sentenced to a term of imprisonment of six days, placed on probation for three years, ordered to pay a $1,000 fine and a surcharge of $395, and had his driver license revoked for one year. The Grievance Committee's affirmation also notified this Court that, on April 17, 2017, in an unrelated matter, the respondent was arrested in Mount Vernon and charged with driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), driving in violation of a restricted license in violation of Vehicle and Traffic Law § 530(6), and refusing to submit to a chemical test in violation of Vehicle and Traffic Law § 1194(1). On July 13, 2017, the respondent entered a plea of guilty to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), in satisfaction of those charges. On November 9, 2017, the respondent was sentenced by Mount Vernon City Court to a term of probation of three years, ordered to pay a $500 fine and a surcharge of $395, and had his driver license revoked for one year. Between April 23, 2019, and August 14, 2019, the Department of Probation made four reports to Mount [*2]Vernon City Court that the respondent violated the terms of his probation. The reports alleged that the respondent failed to report to probation as directed, failed to submit to alcohol and drug testing, failed to attend and remain at the required alcohol program at the treatment agency, failed to refrain from the consumption or possession of alcoholic beverages, and failed to submit to random alcohol or drug testing. Moreover, on July 15, 2019, a bench warrant was issued against the respondent for his failure to appear before Mount Vernon City Court as required. The respondent failed to timely report his criminal convictions to the Grievance Committee or to this Court as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
By order to show cause dated April 25, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Arthur J. Cooperman, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his convictions on May 2, 2017, of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(a) and on July 13, 2017, of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3).
After a hearing conducted on July 6, 2023, and September 13, 2023, the Special Referee filed a report dated December 12, 2023, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper.
As alleged in a criminal complaint, on or about December 19, 2014, the respondent was driving a 2003 Nissan Altima at approximately 11:00 p.m. on Baychester Avenue in Bronx County. Upon being stopped by the police, he was observed to have bloodshot eyes, slurred speech, a flushed face, and an unsteady gait, and a strong odor of alcohol emanated from his person. The respondent allegedly stated to the police that he had drunk two glasses of wine. The respondent's blood alcohol content (hereinafter BAC) reading on a breathalyzer test was 0.265%. The respondent testified at the hearing that he was leaving a Jamaican restaurant with his friends on his birthday and that the police "troll" Baychester Avenue. The respondent was stopped for failing to have his headlights on, which he stated was not possible as "[m]odern" cars are equipped with automatic headlights. However, he entered a plea of guilty in that matter upon the advice of counsel.
Thereafter, on April 17, 2017, at approximately 2:16 a.m., while the Bronx County proceeding was still pending, the respondent was arrested in Mount Vernon. The respondent was observed by the police driving a 2012 Honda and to be "drifting back and forth on the roadway almost hitting a guard rail and parked cars." The respondent had a strong odor of alcohol, was unable to follow simple directions, and had poor coordination and bloodshot eyes. The respondent refused to take a breathalyzer test. The respondent informed the police that he was driving home from a friend's house. The respondent testified at the hearing that he was stopped by the police after dropping off his son and as such, he "would certainly have not been under the influence." He testified that he refused the breathalyzer test due to the "aggressiveness" of the police officer. Again, on the advice of counsel, the respondent entered a plea of guilty.
Between April 23, 2019, and August 14, 2019, the Department of Probation made four reports to the Mount Vernon City Court that the respondent violated the terms of his probation. As alleged by the respondent's probation officer, on March 25, 2019, the respondent returned from an approved trip to Jamaica; however, upon his return, the respondent failed to continue his required outpatient treatment and was discharged from the program. The respondent's probation officer further alleged that the respondent failed to appear for his scheduled probation appointments on March 27, 2019, and April 22, 2019. On August 15, 2019, the respondent admitted that he violated the terms of his probation and was referred to a driving while intoxicated monitoring program. In a report dated September 3, 2019, the respondent's probation officer alleged that the respondent was ordered to enter into an inpatient program on August 15, 2019, and was further ordered to wear a Secure Continuous Remote Alcohol Monitoring (hereinafter SCRAM) bracelet due to his refusal to be drug tested while on probation. As further alleged, when the respondent presented to be fitted for the SCRAM bracelet, he could not be fitted for the device because he had alcohol in his system, resulting in a BAC level of 0.135. Thereafter, on November 12, 2019, the respondent's probation was restored and extended to May 21, 2021.
On January 26, 2021, the respondent again admitted that he violated the terms of his probation by traveling to Jamaica despite the denial of two applications for court permission to travel there. The respondent was resentenced on that date in Mount Vernon City Court to a one-year [*3]conditional discharge and ordered to complete a substance abuse treatment program.
At the disciplinary hearing, despite admitting to violating the terms of his probation, the respondent testified that he cooperated in every way possible but that his probation officer was "proactively aggressive." The respondent also submitted evidence of his good character and his dedication to serving his community.
The Instant Motion 
By notice of motion and affirmation dated March 28, 2024, the Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The Grievance Committee notes that the respondent has a prior disciplinary history consisting of a letter of caution, a public censure, a letter of advisement, and an admonition, personally delivered. Although the motion papers were duly served upon the respondent on March 28, 2024, he has neither opposed the motion nor interposed any response thereto.
Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his convictions on May 2, 2017, and July 13, 2017. In view of the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.
Under the totality of the circumstances, including the respondent's multiple convictions, the violations of the terms of his probation, his prior disciplinary history, and his submission of evidence of his good character, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, is suspended from the practice of law for a period of six months, commencing September 19, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 19, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court